John F. Scileppi, J.
The plaintiff is the surviving daughter of Margaret Blumberg, deceased, and the defendant is the stepfather of the plaintiff and former husband of the decedent.
Decedent was the owner of a two-family dwelling located in Maspeth in which she and the defendant resided. On October 7, 1944, decedent executed a deed conveying those premises to the plaintiff. In the deed there was a provision creating a life estate in favor of the decedent for her life under which she was to occupy the apartment on the second floor thereof for the balance of her natural life, rent free. She also created a life estate in favor of her husband, Bert Blumberg, the defendant herein, which was to take effect in the event that he survived her in which event the defendant would have the right to continue to occupy the said apartment rent free under the same terms and conditions for the balance of his natural life. The deed in which the life estates for the decedent and the defendant were created also provided that if the defendant survived his wife and he remained in possession of the premises, his life tenancy would cease and terminate if he voluntarily removed therefrom.
After the conveyance to the plaintiff by the deed in which the life estates were created, the plaintiff, on December 14, 1946, executed and delivered to Margaret Blumberg, a deed wherein and whereby she conveyed the property back to the said decedent. Thereafter, and on the 19th day of January, 1949, *297 Margaret Blumberg again conveyed the property to the plaintiff. Neither of these two deeds made reference to the life tenancies contained in the first deed.
On February 13, 1947 the plaintiff’s mother, the decedent, and the defendant herein, executed a mortgage to the Maspeth Federal Loan and Savings Association, which mortgage was recorded February 20, 1947 and still is unpaid of record.
The defendant is still in possession of the premises and has been since the demise of his wife, Margaret Blumberg on May 8, 1956; and claims a life tenancy by reason of the provisions contained in the first deed executed by the decedent to the plaintiff herein on October 7,1944.
The plaintiff by this action, seeks a declaratory judgment decreeing that the plaintiff is seized and possessed of the premises in question free and clear of any claim of the defendant to continue to live on said premises as a life tenant.
It is the plaintiff’s contention that the reconveyance of the property by the plaintiff to the decedent, Margaret Blumberg, by deed dated December 14, 1946 and the conveyance by said Margaret Blumberg back to the plaintiff on January 19, 1949, nullified and terminated the life tenancies which the decedent created in her first deed to the plaintiff both as to herself and as to her husband.
It is the court’s opinion that when the decedent created the life tenancy for herself and the life tenancy for her husband which was to take effect upon her death, she created vested interests in said property, and plaintiff took title subject thereto. While it is true that the defendant’s life estate would not take effect in possession until the death of the wife, it became vested in the defendant at the time the decedent executed the first deed creating it in 1944. When the plaintiff received that deed she received the property subject to the decedent’s life estate and subject to the life estate of the defendant. When the plaintiff reconveyed the property to the decedent in 1946 without setting forth the life estates created in the first deed, she could only convey what she originally obtained in that deed, namely, title subject to the two life estates mentioned therein; and when decedent reconveyed it to plaintiff in 1949, the defendant’s life estate was still good.
If it be argued that this reconveyance caused the life estate of the decedent to merge with the fee when decedent again became owner thereof, it cannot be argued that such a merger of her life estate nullified and terminated the life tenancy of the defendant.
*298 Under section 57 of the Beal Property Law applicable to expectant estates, the only manner in which an expectant estate may be destroyed is by an authorization retained by the party creating the éstate at the time of the creation. No such authorization was retained in this case. Therefore, neither the grantor nor grantee could defeat the defendant’s life estate by the conveyances subsequently made.
For the above reasons, the plaintiff’s complaint is dismissed on the merits and the court finds that the defendant has a life estate in the property in question entitling him to remain in possession of the second floor of the premises for the rest of his natural life, rent free.
Submit judgment on notice.